UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BALDEEP SINGH GHUMAN,<br><br>Plaintiff,<br><br>v.<br><br>BRISON SWEARINGEN,<br>FRANK PADULA,<br>DAVID VENTURELLA,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE,<br><br>Defendants. | ) | No. 2:26-cv-00739-JPH-MKK |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Baldeep Singh Ghuman filed a petition for a writ of habeas corpus seeking his release from the Clay County Jail in Brazil, Indiana, where he is detained on behalf of federal immigration authorities. For the reasons explained below, the petition is **denied**.

## I. Background

Mr. Ghuman is a citizen of India. He entered the United States without inspection near the U.S./Canada border on or around September 13, 2024, and was never apprehended by Department of Homeland Security ("DHS") officials. Dkt. 1, ¶ 17. [1] Mr. Ghuman sought asylum and was granted employment authorization through April 2030. *Id.*, ¶¶ 18–19.

---

[1] Respondents have not opposed the factual assertions in Mr. Ghuman's petition, so the Court accepts them as true.

On October 30, 2026, officials from Immigration and Customs Enforcement ("ICE") came to Mr. Ghuman's residence seeking a different person. *Id.*, ¶ 21. They determined that Mr. Ghuman was not a citizen, arrested him, issued him a Notice to Appear, and placed him into removal proceedings. *Id.*, ¶ 22; dkt. 8-1 at 1. The Notice to Appear charges Mr. Ghuman as being inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). Dkt. 8-1 at 4. The box on the Notice to Appear labeled "arriving alien" is not checked. *Id.* Mr. Ghuman states that he has neither requested nor received a bond hearing before an immigration judge since his detention. Dkt. 5.

## II. Discussion

Mr. Ghuman contends that his detention violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act ("INA"). Dkt. 1 at 11–13. He asks the Court to order his immediate release or, in the alternative, order Respondents to provide him a bond hearing where the government bears the burden of proof. *Id.* at 14–15.

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026), the Seventh Circuit held that "[a]liens present in the country without admission and not 'seeking admission' . . . are eligible for bond hearings subject to the INA's other requirements." The Seventh Circuit further held that the ordinary meaning of "seeking admission" cannot, as a factual matter, describe aliens who "entered the United States without admission or parole . . . making

[them] 'inadmissible'" and, thus, "can only seek to remain in the United States through other forms of relief that are *not* admission." *Id.* at 920.

Respondents state in their return that "*Cirrus Rojas* resolves the case and controversy of this Petition." Dkt. 8 at 1. They concede that, "[a]pplying *Cirrus Rojas*, Petitioner's detention is lawful under 8 U.S.C. § 1226, . . . and Petitioner is entitled to a custody redetermination hearing in immigration court." *Id.* at 1–2. The parties therefore agree that Mr. Ghuman is eligible for a bond hearing under § 1226(a). Respondents, however, ask the Court to dismiss this action and direct Mr. Ghuman to request a bond hearing through an immigration court rather than grant him relief. *Id.* at 2.

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists" and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

No statute mandates exhaustion for aliens challenging preliminary custody or bond determinations. *Gonzalez*, 355 F.3d at 1016. Rather, "sound judicial discretion governs." *Id.* (quoting *McCarthy,* 503 U.S. at 144). In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Id.* (quoting *Iddir*, 301 F.3d at 498); *accord McCarthy*, 503 U.S. at 146–49 ("This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion."). A party seeking to be excused from exhaustion "need only show that one of the four exceptions outlined above applies." *Iddir*, 301 F.3d at 498.

Mr. Ghuman argues that each of these exceptions apply, so he should be excused from exhausting his administrative remedies. Dkt. 1 at 10–11. He asserts that "[t]he agency has predetermined the issue" and declined to provide bond hearings for noncitizens who enter without admission. *Id.*, ¶ 34 (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025)). He states that DHS does not adjudicate constitutional questions, and every day he is detained "inflicts an injury that no later administrative ruling can repair." *Id.*

But as Mr. Ghuman recognizes, the law in this judicial circuit since *Cirrus Rojas* is that detainees in Mr. Ghuman's position are entitled to a bond hearing. The Court has no factual or legal basis to conclude that immigration officials will ignore *Cirrus Rojas*'s binding mandate and withhold consideration of bond if Mr. Ghuman moves the immigration court for a bond hearing, which

he concedes he has not yet done.[2] The Court recognizes that Mr. Ghuman's detention will necessarily be extended by requiring him to request a bond hearing rather than ordering his immediate release. But only *unreasonable* delay may excuse exhaustion of administrative remedies, and Mr. Ghuman has provided no evidence that he will face unreasonable delay if required to exhaust his remedies. Finally, the agency can provide § 1226 bond hearings and resolve Mr. Ghuman's request for bond, and there are no substantial constitutional questions that need to be addressed before he receives a bond hearing.

Because Mr. Ghuman has not yet requested a bond hearing, the Court will require him to do so and will not address his constitutional arguments.[3] *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional."). Nor will the Court address Mr. Ghuman's request to place specific constraints on the immigration judge's decision-making at a bond hearing or to adopt "Safeguards" related to that hearing. Dkt. 10 at 5. If Mr. Ghuman believes that the administrative path is ineffective to allow him to receive a bond hearing, he may file a new petition.

---

[2] This Court also is aware of cases filed in this district where petitioners have been released following bond hearings before immigration judges, further undermining Mr. Ghuman's claim of futility. *See, e.g.*, *Paredes Osorio v. Crowley*, No. 2:26-cv-00525-MPB-MKK dkt. 13; *Soleev v. Swearingen*, No. 2:26-cv-00462-MPB-MG dkt. 14.

[3] This Court recently granted habeas relief without requiring the petitioner to request a bond hearing in immigration court because Respondents "transferred [Petitioner] multiple times since detaining him." *See Nyamjav v. Crowley, et al.*, No. 2:26-cv-00661-JPH-MJD, dkt. 18 at 5 (Nov. 18, 2026). There are no similar circumstances present here that weigh in favor of excusing Mr. Ghuman from exhaustion.

## III. Conclusion

The petition for a writ of habeas corpus is **denied**, and this case is **dismissed without prejudice** for failure to exhaust administrative remedies.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 11/20/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel